(106 So. 562)

No. 25644.

CRICHTON CO., Limited, v. GRIGSBY et al.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Vendor and purchaser** ⊂⊃172—**Sales; purchasers held liable for interest on notes for period before they had misdescription in deed corrected.**

Where deed misdescribed property conveyed, but purchasers obtained by judgment of correction, all land which they intended to buy and went into actual possession of it, *held* that they were liable for interest on purchase-money notes during period between date of notes and time at which they had correction made.

2. **Vendor and purchaser** ⊂⊃305—**Sales; purchasers held not entitled to complain that vendor reserved only one-half of mineral rights but leased whole thereof, in view of judgment crediting them for one-half of mineral leases.**

In action on purchase price notes, fact that vendor who reserved one-half of mineral rights leased the whole of mineral rights and collected therefor, *held* no defense, where judgment allowed purchasers credit for one-half of mineral leases.

3. **Vendor and purchaser** ⊂⊃59—**Sales; joint purchasers of land not liable in solido for purchase price.**

Defendants, who were joint purchasers of land, cannot be held liable in solido for purchase price unless expressly so stipulated and agreed by them, and judgment condemning them personally and in solido for full amount was error.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Action by the Crichton Company, Limited, against L. M. Grigsby and another. Judgment for plaintiff, and defendants appeal. Amended and affirmed.

Stewart & Stewart, of Minden, for appellants.

Drew & Drew, of Minden, for appellee.

THOMPSON, J. On September 8, 1919, the plaintiff sold to J. H. Long 233 acres of land at $20 per acre, of which amount $600 was paid in cash, and for the balance of the purchase price the vendee executed seven promissory notes payable in 1, 2, 3, 4, 5, 6, and 7 years. The first six notes were for $600 each, and the last one was for $460. The notes were secured by vendor's privilege and special mortgage.

On the day of his purchase, Long sold the land to L. M. Grigsby and W. J. Monzingo for $800 cash and the assumption by the purchasers of the seven notes executed by him.

This suit is against the two vendees of Long for the full amount of the seven notes, together with interest from their date and 10 per cent. attorney fees on the whole. The prayer is for judgment against the defendants in solido, and for recognition of the vendor's privilege and mortgage.

At the time suit was filed, only two of the notes were due, and on trial of the case judgment was rendered for that amount, reserving the right to sue on the other five notes as they matured.

In the act of sale from plaintiff to Long, a part of the land was described by courses and distances and the balance by governmental subdivisions. And the same description was used in the sale from Long to the defendants.

It appears that there was an error or misdescription of one of the subdivisions.

A suit was filed by the defendants to have the description corrected, and a judgment was rendered correcting the description so as to conform to the intention of the parties. All of the parties in interest were made parties to that suit.

The same misdescription or error was made in the deed by which the plaintiff acquired the land.

[1] One of the contentions of the defendants is that they should not be held liable

for interest on the notes during the intervening period between the date of the notes (the notes called for interest from date) and the time at which defendants had the correction of the description made.

The defense is without merit. The defendants obtained by the judgment of correction all of the land which was intended to be sold and which they intended to buy. They went into actual possession, and held such possession during the time within which they now seek to be relieved from the payment of interest. They were never evicted or disturbed in their possession, and all question of error in description was foreclosed when this suit was filed.

The defendants therefore have not suffered and cannot suffer any injury or damage on the score of interest on account of the incorrect description of the property of which they had the use and enjoyment.

[2] The next defense is that the plaintiff only reserved to itself one-half of the mineral rights in the sale of the land to Long, whereas the plaintiff leased the whole of the mineral rights and collected therefor. This contention is answered by the fact that the judgment allowed the defendants credit for the one-half of the mineral leases which properly belonged to the defendants.

The next defense is that the defendants could have sold the land at a profit of $15 per acre, but that they were prevented from doing so on account of the error in the description of the land.

The district judge was not impressed with the good faith and seriousness of this contention, nor are we. The defendants well knew that the error in the description was made inadvertently; that they got and were in actual possession of the land intended to be conveyed by the deed, and that the correction of the description could be had at any time and with very little inconvenience. Moreover, it does not clearly appear that the offer to purchase the lands from defendants at an advance of $15 per acre was an earnest and serious one, nor does it sufficiently appear from the evidence that the proposed purchasers were financially responsible or able to make good their proposal to buy. The reconventional demand for damages which about equals the total debt due the plaintiff on the land is therefore not sustained by the evidence.

[3] The final and last contention is that the defendants are not liable in solido for the notes which they assumed in their purchase of the land from plaintiff's vendee Long. This contention is well founded.

The two defendants were joint purchasers of the land; that is to say, each acquired an undivided one-half interest in the land, and, while the mortgage is indivisible and attaches to the land in its entirety, the purchasers are only liable each for one-half of the notes which they assumed.

It is a settled principle that joint purchasers of land cannot be held liable in solido for the purchase price unless expressly so stipulated and agreed by them. Heirs of Burney v. Ludeling, 47 La. Ann. 96, 16 So. 507.

The judgment, in addition to recognizing the mortgage on the land, condemned the defendants personally and in solido for the full amount of the judgment. This was an error and will have to be corrected.

It is therefore ordered that the judgment appealed from be amended so as to condemn the defendants jointly and each for one-half of the notes sued on, and, as thus amended, the said judgment is affirmed, the plaintiff to pay the cost of this appeal.